# EXHIBIT 1

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| THE ESTATE OF GRACE VITALE, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| | ) Division No.: |
| BMO HARRIS BANK N.A., FKA SOUTHWEST BANK, | ) |
| Serve at: | ) **JURY TRIAL DEMANDED** |
| Officer/Manager/Director | ) |
| 2301 South Kingshighway Blvd. | ) |
| St. Louis, Missouri 63110 | ) |
| Defendant. | ) |

## PETITION

COMES NOW the Estate of Grace A. Vitale, by and through Angelina M. Kaestner, in her capacity as Personal Representative of the Estate of Grace A. Vitale, by and through the undersigned counsel, and for its Petition against BMO Harris Bank, N.A. f/k/a Southwest Bank, states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.  Grace A. Vitale ("Decedent") died intestate on July 25, 2018 and was domiciled in the City of St. Louis at the time of her death.

2.  Decedent was married to Peter S. Vitale, who predeceased Decedent.

3.  Angelina M. Kaestner is the duly appointed Personal Representative of the Estate of Grace Vitale pursuant to Order Appointing Personal Representative entered by the Circuit Court of the City of St. Louis in *In the Estate of Grace A. Vitale, Deceased*, Case No. 1822-PR00748.

4.  Defendant BMO Harris Bank, N.A. f/k/a Southwest Bank ("BMO Harris") is and was at all times relevant hereto, a federally chartered national bank, conducting business in the

State of Missouri. Defendant is the successor in interest to Southwest Bank and a party to the contracts at issue in this lawsuit.

5. Defendant owns and operates a branch in the City of St. Louis, located at 2301 South Kingshig hway Blvd., St. Louis, Missouri 63110, and the events described herein occurred at that branch (hereinafter, the "The Hill Branch").

6. Venue is proper in the City of St. Louis, State of Missouri pursuant to §508.010 of the Revised Statutes of Missouri because the City of St. Louis is where the causes of action accrued, and because The Hill Branch where the events described herein occurred is located in the City of St. Louis.

7. On or about January 4, 2010, Decedent Grace Vitale, and Peter S. Vitale entered into a Natural Person Safe Deposit Box Lease with Southwest Bank. Salvatore Vitale, the son of Grace and Peter, was added to the signature card. A copy of the Natural Person Safe Deposit Box Lease (hereinafter, the "2010 Lease") is attached hereto and incorporated herein by reference as Exhibit 1.

8. Defendant is the successor in interest to Southwest Bank with respect to the 2010 Lease.

9. Subject to the 2010 Lease, Decedent Grace Vitale and Peter S. Vitale leased from Defendant Safe Deposit Box No. 201100-1-3995 (hereinafter, "Safe Deposit Box No. 3995").

10. On or about February 4, 2000 Decedent Grace Vitale and Peter S. Vitale entered into a Deposit Box Lease with Southwest Bank. Peter N. Vitale, a son of Grace and Peter, was added to the signature card. A copy of the Safe Deposit Box Lease (hereinafter, the "2000 Lease") is attached hereto and incorporated herein by reference as Exhibit 2.

11. Defendant is the successor in interest to Southwest Bank with respect to the 2000 Lease.

12. Subject to the 2000 Lease, Decedent Grace Vitale and Peter S. Vitale leased from Defendant Safe Deposit Box No. 2317 (hereinafter, "Safe Deposit Box No. 2317").

13. Safe Deposit Box No. 3995 and Deposit Box No. 2317 are located at The Hill Branch.

14. On July 27, 2018, two days following the death of Decedent Grace A. Vitale, Safe Deposit Box No. 3995 and Safe Deposit Box No. 2317 were accessed by Peter Bommarito and Peter N. Vitale.

15. Peter Bommarito was not at any relevant time herein a lessee of either Safe Deposit Box No. 3995 or Safe Deposit Box No. 2317.

16. Peter N. Vitale was a signatory for Safe Deposit Box No. 2317 but not Safe Deposit Box No. 3995.

17. Defendant's procedures related to the access of safe deposit boxes require that, when a lessee of a safe deposit box is seeking access to the rented safe deposit box, the Defendant's employees provide a safe deposit box access slip to the lessee and have each person accessing the safe deposit box, including the lessee and any non-lessee guests, sign the access slip.

18. Defendant's procedures related to the access of safe deposit boxes require that, when a lessee of a safe deposit box is seeking access to the rented safe deposit box, the Defendant's employees have the lessee designate any guests accessing a safe deposit box with the lessee by writing the word "guest" next to the guest's signature on the access slip.

19. Defendant's procedures related to the access of safe deposit boxes require that, when a lessee of a safe deposit box is seeking access to the rented safe deposit box, the Defendant's

employees verify the lessee's signature and box number using the signed access slip by comparing it to the lease between Defendant and the lessee.

20. Defendant's procedures related to the access of safe deposit boxes require that, when a lessee of a safe deposit box is seeking access to the rented safe deposit box, the Defendant's employees not allow any persons not appearing on the lease for a safe deposit box access to that safe deposit box unless a lessee is present.

21. Peter Bommarito and Peter N. Vitale allegedly signed access slips for Safe Deposit Box No. 3995 and Safe Deposit Box No. 2317.

22. Peter Bommarito is not authorized to access either Safe Deposit Box No. 3995 or Safe Deposit Box No. 2317 because he is not a signatory to either of those safe deposit boxes.

23. Peter N. Vitale is only a signatory to Safe Deposit Box No. 2317 and is not authorized to access Safe Deposit Box No. 3995 because he is not a lessee to that safe deposit box.

24. Defendant violated its standard procedures by allowing Peter Bommarito and Peter N. Vitale access to Safe Deposit Box No. 3995 and Safe Deposit Box No. 2317.

25. Following the access to Safe Deposit Box No. 3995 and Safe Deposit Box No. 2317 by Peter Bommarito and Peter N. Vitale, Peter Bommarito and Peter N. Vitale entered into a new lease for Safe Deposit Box No. 1004246 and for Safe Deposit Box No. 1004248 from Defendant (hereinafter, "Safe Deposit Box No. 4246" and "Safe Deposit Box No. 4248", respectively).

26. Following the access to Safe Deposit Box No. 3995 and Safe Deposit Box No. 2317 by Peter Bommarito and Peter N. Vitale, a substantial amount of cash was removed from Safe Deposit Box No. 3995 and/or Safe Deposit Box No. 2317.

27. Upon information and belief, Peter Bommarito and Peter N. Vitale removed cash from Safe Deposit Box No. 3995 and Safe Deposit Box No. 2317 and put that cash into Safe Deposit Box No. 4246 and/or Safe Deposit Box No. 4248.

28. Defendant was aware that Decedent had recently passed away when Peter Bommarito and Peter N. Vitale accessed Safe Deposit Box No. 3995 and Safe Deposit Box No. 2317.

29. Salvatore J. Vitale was not present at The Hill Branch when Safe Deposit Box No. 3995 and Safe Deposit Box No. 2317 were accessed on July 27, 2018 nor did he ever consent to any access.

30. On or about October 11, 2018, Plaintiff requested copies of video surveillance taken at The Hill Branch on July 27, 2018. This request was sent to The Hill Branch.

31. The Hill Branch did not provide the Plaintiff's request for the video surveillance to the agents or representatives of Defendant that could approve or deny the request.

32. Subsequently, the video surveillance was destroyed subject to Defendant's 90-day automatic deletion policy.

33. Over the years, Grace and Peter placed cash funds in the safe deposit boxes and, after Peter's death, the funds in the safe deposit boxes were owned by Grace A. Vitale.

## COUNT I – NEGLIGENCE

34. Plaintiff hereby restates and incorporates by reference all of the foregoing allegations and facts as if fully set forth herein.

35. Defendant owed a duty to Decedent Grace A. Vitale and Salvatore J. Vitale in that they are lessees and signatories of certain safe deposit boxes owned by Defendant, to act with reasonable care in allowing access to Safe Deposit Box No. 3995 and Safe Deposit Box No. 2317.

36. Defendant breached its duty by failing to exercise reasonably care and/or follow its standard procedures with respect to Safe Deposit Box No. 3995 and Safe Deposit Box No. 2317 in that Defendant negligently allowed the unauthorized access to Safe Deposit Box No. 3995 and Safe Deposit Box No. 2317 by Peter Bommarito.

37. Defendant further breached its duty by failing to exercise reasonably care and/or follow its standard procedures with respect to Safe Deposit Box No. 3995 in that Defendant negligently allowed the unauthorized access to Safe Deposit Box No. 3995 by Peter N. Vitale.

38. Specifically, Defendant breached its duty by failing to compare the signatures on the 2000 Lease and 2010 Lease with the signature on the access slips signed by Peter Bommarito and Peter N. Vitale and dated July 27, 2018.

39. Defendant further breached its duty by not designating Peter Bommarito as a "guest" on the access slip signed by Peter Bommarito on July 27, 2018.

40. Defendant further breached its duty by allowing Peter Bommarito and Peter N. Vitale access to Safe Deposit Box No. 3995 without a lessee of Safe Deposit Box No. 3995 present.

41. Plaintiff was proximately and directly damaged by Defendants breaches.

42. On information and belief, a significant amount of cash was removed from the aforementioned safe deposit boxes by Peter N. Vitale and Peter Bommarito surreptitiously and without plaintiff's consent.

WHEREFORE, Plaintiff requests that this Court grant it judgment against the Defendant in an amount that is fair and reasonable under the circumstances in excess of twenty-five thousand dollars ($25,000), together with interest thereon and costs herein incurred, reasonably attorney's fees and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II – BREACH OF CONTRACT (Alternative to Count I)

43. Plaintiff hereby restates and incorporates by reference all of the foregoing allegations and facts as if fully set forth herein.

44. On or about January 4, 2010, Decedent Grace Vitale and Peter S. Vitale and Salvatore J. Vitale entered into the 2010 Lease with Defendant, as successor in interest, to lease Safe Deposit Box No. 3995.

45. On or about February 4, 2000 Decedent Grace Vitale and Peter S. Vitale and Peter N. Vitale entered into the 2000 Lease with Defendant, as successor in interest, to lease Safe Deposit Box No. 2317.

46. Paragraph 6 of the 2010 Lease states that Defendant "shall exercise ordinary care to prevent access by unauthorized persons…"

47. Paragraph 15 of the 2010 Lease states that lessees, including Decedent, "agree[] to such other rules and procedures as Lessor may hereafter adopt…" Such rules and procedures agreed to by Decedent include those procedures identified in Paragraphs 17 through 20 of this Petition.

48. Paragraph 11 of the 2000 Lease states that "[t]he liability of [Defendant] by reason of this letting is limited to the exercise of reasonable diligence to prevent the opening of said safe by any one other than the Renter…"

49. Defendant breached the 2010 Lease and the 2000 Lease by allowing the unauthorized access to Safe Deposit Box No. 3995 and Safe Deposit Box No. 2317 by Peter Bommarito.

50. Defendant breached the 2010 Lease by allowing the unauthorized access to Safe Deposit Box No. 3995 by Peter N. Vitale.

51. Plaintiff and the other lessees of Safe Deposit Box No. 3995 and Safe Deposit Box No. 2317 fully performed pursuant to the respective leases.

52. Plaintiff was proximately and directly damaged by Defendant's breaches of the 2010 Lease and the 2000 Lease resulting in loss and damage to Plaintiff.

WHEREFORE, Plaintiff requests that this Court grant it judgment against the Defendant in an amount that is fair and reasonable under the circumstances in excess of twenty-five thousand dollars ($25,000), together with interest thereon and costs herein incurred, reasonably attorney's fees and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

STEVEN M. HAMBURG, P.C.

By: _____
STEVEN M. HAMBURG, #27549
231 S. Bemiston Ave., Suite 1111
Clayton, MO  63105
Telephone:  314-725-8000
Facsimile:   314-726-5837
shamburg@smhpc-law.com
Attorney for Plaintiff